UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| **EDDIE LEE MURPHY, SR.** | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:11-0661 |
| | ] | Judge Sharp |
| **DAVID SEXTON, WARDEN** | ] | |
| Respondent. | ] | |


### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against David Sexton, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

In a two count indictment, the petitioner was charged with first degree premeditated murder and murder during the commission of a robbery. Docket Entry No.1 at pg.5. Given the circumstances of the victim's death, the prosecution sought the death penalty.

On August 31, 2006, the petitioner pled guilty in Sumner County to first degree felony murder. Docket Entry No.1 at pg.1. In exchange for this plea, the prosecution dropped the count charging the petitioner with premeditated murder. For his crime, the petitioner avoided the death penalty and received a sentence of

1

life imprisonment with the possibility of parole. *Id.* Having pled guilty, there was no direct appeal of the conviction taken. *Id.* at pg.2. Instead, the petitioner chose to seek post-conviction relief in the Criminal Court of Sumner County. Docket Entry No.11-1 at pgs.4-13.

Following the appointment of counsel and an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pgs.46-60. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.11-6. The Tennessee Supreme later rejected the petitioner's application for further review. Docket Entry No.11-8.

## II. Procedural History

On July 8, 2011, the petitioner filed the instant petition (Docket Entry No.1) for writ of habeas corpus. The petition contains eight claims for relief. These claims include :

1) the petitioner did not understand the nature of the charges against him and the consequences of his guilty plea;

2) the petitioner was not adequately informed that he would be waiving his right against self-incrimination;

3) the petitioner did not receive the effective assistance of counsel because his attorneys
   a) neglected to discuss discovery materials with him;
   b) failed to properly investigate certain evidentiary issues;
   c) did not fully explain the ramifications of a guilty plea and his sentence;
   d) failed to explain to him the

2

                    elements of felony murder; and
                e) did not discuss with him his right
                   against self-incrimination;[1]

      4)   the petitioner did not voluntarily enter
          a guilty plea.

Upon its receipt, the Court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.5) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently before the Court is the respondent's Answer (Docket Entry No.10), to which the petitioner has offered a Reply (Docket Entry No.23). Having carefully considered the petition, respondent's Answer, petitioner's Reply, and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

A federal district court will not entertain a petition for

---

[1] The petitioner was represented by James Simmons, a member of the Sumner County Bar, and Patrick McNally, a member of the Davidson County Bar.

writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b). In his Answer, the respondent concedes that the petitioner has fully exhausted his state court remedies for each of his claims during the post-conviction process. Docket Entry No.10 at pg.2.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); <u>Nevers v. Killinger</u>, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated.

*Id.* at 529 U.S. 389.

**1.) Validity of the Guilty Plea**

The petitioner has raised claims challenging the validity of his guilty plea. Noting that he never graduated from high school and has a below average I.Q., the petitioner claims that he did not understand the nature of the charges against him and the consequences of his plea (Claim No.1). More specifically, the petitioner alleges that no one ever explained to him the meaning of a consecutive sentence, the elements of felony murder, and the legal consequences of a life sentence with the possibility of parole. The petitioner also asserts that he was not adequately informed that he would be waiving his right against self-incrimination (Claim No.2). Finally, the petitioner argues that he did not voluntarily enter the guilty plea (Claim No.4).

A guilty plea is valid if it was entered both voluntarily and intelligently, <u>Bradshaw v. Stumpf</u>, 545 U.S. 175,183 (2005), as determined under the totality of the circumstances leading up to the plea. <u>Boykin v. Alabama</u>, 395 U.S. 238,242-44 (1969). A plea colloquy is a solemn event and "dispositions by guilty pleas are accorded a great deal of finality." <u>Blackledge v. Allison</u>, 431 U.S. 63,71 (1977). Because courts must be able to rely on a defendant's statements during a plea colloquy, allegations in a § 2254 petition that directly contradict the petitioner's sworn statements made during a properly conducted plea colloquy are always "palpably

5

incredible" and "patently frivolous or false." United States v. McMaster, 403 F.3d 216,221 (4th Cir.2005). Acknowledging guilt and accepting responsibility for it by way of an early plea respond to certain basic premises in the law and its function. Those principles are eroded if a guilty plea is too easily set aside. Premo v. Moore, 131 S.Ct. 733,741 (2011).

In a signed guilty plea form reviewed by both the petitioner and his attorneys, the petitioner acknowledged that he understood he had a right not to incriminate himself. He further agreed that he was mentally competent, understood the consequences of entering a guilty plea, had not been threatened or promised anything in exchange for his plea, and that his plea was voluntary. Docket Entry No.11-1 at pgs.14-15.

At the guilty plea hearing, the petitioner told the judge that he understood that his sentence would run consecutive to the sentence he was already serving, *Id.* at pg.30, he understood that his life sentence was in essence a sentence of sixty (60) years in prison with eligibility for parole after service of fifty one (51) years, *Id.* at pg.33, and that the guilty plea was voluntarily given. *Id.* at pg.32.

During his post-conviction evidentiary hearing, the petitioner admitted that he understood everything on the guilty plea form that he had signed. Docket Entry No.11-2 at pg.57. Defense counsel testified that the petitioner asked if the case could be settled,

*Id.* at pg.88, counsel discussed with the petitioner the elements of felony murder, *Id.* at pgs.72,77,84-85, and explained to him the length of his sentence, how it would be served, and the availability of parole. *Id.* at pgs.70-71.

The petitioner was on parole at the time of the instant crime. He was very familiar with his rights and the criminal justice system. *Id.* at pg.58. The trial court chose to accredit the testimony of defense counsel. Given these circumstances, the petitioner has failed to demonstrate that his guilty plea was anything other than a knowing and voluntary act. Accordingly, the Court finds no merit in the petitioner's first, second and fourth claims.

**2.) Ineffectiveness of Counsel**

The petitioner has alleged five instances in which his attorneys were ineffective. He claims that his attorneys neglected to discuss discovery materials with him (Claim No.3a). The petitioner also believes that his attorneys were deficient for failing to properly investigate certain evidentiary issues (Claim No.3b), failing to explain the ramifications of a guilty plea and his sentence (Claim No.3c), neglecting to explain to him what the elements of felony murder were (Claim No.3d), and failing to talk to him about his right against self-incrimination (Claim No.3e).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. <u>McMann v.</u>

Richardson, 397 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorneys' performance was in some way deficient and that the defense was so prejudiced by the deficiency as to render the result of the prosecution unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).

To demonstrate a deficiency in representation, the petitioner must show that his attorneys failed to act within "an objective standard of reasonableness". Harrington v. Richter, 131 S.Ct. 770,787 (2011). Prejudice arises when there is a reasonable probability that, but for counsels' error, the petitioner would not have pled guilty and would have instead insisted on going to trial. Hill v. Lockhart, 474 U.S. 52,59 (1985). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, *supra* at 466 U.S. 694. Where one is left with pure speculation as to whether the outcome could have been any different, there has been an insufficient showing of prejudice. Baze v. Parker, 371 F.3d 310,322 (6th Cir.2004).

The petitioner claims that his attorneys were ineffective for failing to discuss discovery materials with him. However, during the post-conviction evidentiary hearing, he admitted that his attorneys discussed discovery materials with him and, at the time he entered his plea, he "pretty much knew what State's evidence was against him". Docket Entry No.11-2 at pg.53. In fact, the

8

petitioner acknowledged reading some of the discovery materials. *Id.* at pg.55. Consequently, this issue has no merit.

The petitioner also claims that counsel should have investigated certain evidentiary leads. More specifically, he believes that his attorneys should have had a key chain found at the murder scene dusted for fingerprints and the neighbors questioned about an SUV seen behind the victim's home.

The petitioner conceded that he didn't know if his fingerprints were on the key chain. *Id.* at pg.63. Nor could he do anything other than speculate as to whether the SUV he alluded to had any relevance to the case. The evidence against the petitioner was overwhelming and, even if counsel had been deficient in this respect, the petitioner has shown no prejudice arising in this instance. Therefore, this claim also lacks merit.

As determined above, the petitioner's guilty plea had been freely and knowingly given. He sought a settlement of the case to avoid the death penalty. The petitioner was well aware of the ramifications of his plea and the sentence he would receive. He was further cognizant of the elements of the crime and his waiver of the right against self-incrimination. On at least two occasions, the petitioner told the trial court that he was satisfied with the services provided him by his attorneys. Docket Entry No.11-1 at pgs.14-15,32. Thus, the state courts did not offend federal law by finding that petitioner's attorneys had provided him with effective

9

assistance.

## IV. Conclusion

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's ineffective assistance claims were neither contrary to nor an unreasonable application of federal law. As a consequence, the Court finds that the petitioner has failed to state a claim upon which habeas corpus relief can be granted.

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge